UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA ADAM SCHULTE, <br><br> Plaintiff, <br><br> -against- <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | 21-CV-4042 (JMF) <br> 21-CV-4800 (JMF) <br> 21-CV-5061 (JMF) <br> 21-CV-5168 (JMF) <br> 21-CV-5173 (JMF) <br> 21-CV-5213 (JMF) <br> 21-CV-5313 (JMF) <br> 21-CV-5554 (JMF) <br> 21-CV-5722 (JMF) <br> 21-CV-5851 (JMF) <br> 21-CV-5871 (JMF) <br> 21-CV-6504 (JMF) <br><br> ORDER |

JESSE M. FURMAN, United States District Judge:

On February 3, 2022, Defendant filed a motion to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure. Under Rule 15(a)(1)(B), a plaintiff has twenty-one (21) days after the service of a motion under Rule 12(b) to amend the complaint once as a matter of course. Because Plaintiff is proceeding *pro se*, however, the Court will give Plaintiff additional time to amend the complaint.

Accordingly, it is hereby ORDERED that Plaintiff shall file any amended complaint by **March 17, 2022.** To be clear, Plaintiff should file a single consolidated, amended complaint addressing the allegations in all of the cases consolidated under 21-CV-4042. If Plaintiff believes that the pleading of additional facts will cure deficiencies identified in the motion to dismiss, the Plaintiff should include those facts in the amended complaint. Plaintiff will not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss.

If Plaintiff does amend, by three (3) weeks after the amended complaint is filed, Defendant shall: (1) file an answer; (2) file a new motion to dismiss; or (3) file a letter on ECF stating that it relies on the previously filed motion to dismiss. If Defendant files an answer or a new motion to dismiss, the Court will deny the previously filed motion to dismiss as moot.

If no amended complaint is filed, Plaintiff shall serve any opposition to the motion to dismiss by **March 17, 2022**. Defendant's reply, if any, shall be served by **March 31, 2022**.

Either party may request an extension of the briefing schedule for the motion. A deadline will be extended if the party demonstrates that its pursuit of the action has been diligent and that there is a good reason for extending the deadline.

Separately, Plaintiff filed a letter dated January 19, 2022, requesting either (1) access to "New York State law" or (2) the appointment of counsel. *See* ECF No. 23. The Court understands

that the Plaintiff has regular access to a law library.  It is not clear what additional materials Plaintiff seeks.  Plaintiff should promptly inform the Court if there are specific New York law materials to which he lacks access — and the legal basis for the request.  *See, e.g.*, *Benjamin v. Fraser*, 264 F.3d 175, 184 (2d Cir. 2001) ("[T]o establish a claim of inadequate access to the courts under *Bounds* [*v. Smith*, 430 U.S. 817 (1977)], an inmate must show that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim — for example, by demonstrating that he has been unable to file a complaint or has had a complaint dismissed for failure to observe a technicality." (cleaned up)).

      As for Plaintiff's request for counsel, in determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam).  As a threshold matter, in order to qualify for counsel Plaintiff must demonstrate that his claim has substance or a likelihood of success.  *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986).  In reviewing a request for counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not grant a request for counsel indiscriminately.  *Cooper*, 877 F.2d at 172.  A more fully developed record will be necessary before it can be determined whether Plaintiff's chances of success warrant his request for counsel.  Accordingly, it is hereby ORDERED that plaintiff's January 19, 2022 application for of counsel is denied without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

      The Clerk of Court is directed to mail a copy of this order to Plaintiff.

      SO ORDERED.

Dated: February 7, 2022
       New York, New York

                                    JESSE M. FURMAN
                                    United States District Judge